UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHAN MARQUIS LEBARON,<br><br>              Plaintiff,<br><br>  vs.<br><br>JOYCE J. MCCOWN and JENNIFER M. WINKLER,<br><br>              Defendants. | NO. CV-08-240-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER AND TO AMEND** |

    Before the Court, without oral argument, is Plaintiff's Motion to Reconsider and to Amend. (Ct. Rec. 7.) Plaintiff, a Massachusetts State prisoner, is proceeding *pro se*. The Court dismissed the action and denied leave to proceed *in forma pauperis* on August 4, 2008. Defendants have not been served.

    Plaintiff did not note his motion for hearing as required by Local Rule for the Eastern District of Washington 7.1(h). The Court nevertheless noted the motion for hearing on the date signed below. **PLAINTIFF IS CAUTIONED THAT ANY FURTHER MOTIONS SUBMITTED TO THE COURT WITHOUT NOTING THEM FOR HEARING IN COMPLIANCE WITH THE LOCAL RULES WILL NOT BE ADDRESSED BY THE COURT.**

ORDER DENYING MOTION TO RECONSIDER AND TO AMEND -- 1

Furthermore, Plaintiff has not complied with Local Rule 10.1(a)(2), which requires printed materials to be double spaced. Plaintiff's future submissions, if any, must comply with the Local Rules for the Eastern District of Washington and the Federal Rules of Civil Procedure. *See King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) (finding that *pro se* litigants must follow the same rules of procedure that govern other litigants). The District Court Executive is **DIRECTED** to forward a copy of the Local Rules to Plaintiff.

A Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*) (*quoting Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also* FED. R. CIV. P. 60(b). Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling. *Fay Corp. v. Bat Holdings I, Inc.,* 651 F. Supp. 307, 309 (W.D. Wash. 1987).

Here, Plaintiff has not alleged either newly discovered evidence or an intervening change of controlling law. Thus, the only remaining question is whether the Court should alter its prior ruling in order to "correct a clear error or prevent manifest injustice." *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989).

The Court previously explained to Plaintiff that amending his complaint against a court commissioner and his court-appointed counsel

ORDER DENYING MOTION TO RECONSIDER AND TO AMEND -- 2

in a pending state action would be futile. Furthermore, regarding Plaintiff's requests for injunctive and declaratory relief, this Court will not intervene in a pending state action involving parental rights.

Accordingly, **IT IS HEREBY ORDERED:** Plaintiff's Motion for Reconsideration and to Amend **(Ct. Rec. 7)** is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward a copy to Plaintiff at his last known address, and close the file.

**DATED** this      22nd      day of August 2008.

                              S/ Edward F. Shea
                              EDWARD F. SHEA
                              UNITED STATES DISTRICT JUDGE

Q:\Civil\2008\240.DA.Reconsider.Deny.wpd

ORDER DENYING MOTION TO RECONSIDER AND TO AMEND -- 3